TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00581-CR







Jimmy Bernard Brown, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 203RD JUDICIAL DISTRICT


NO. F-94-40131-IP, HONORABLE BILL STEPHENS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of delivering less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.112, 1989 Tex. Gen. Laws
2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since amended). The district court
assessed punishment, enhanced by a previous felony conviction, at imprisonment for fifteen years
and a $1500 fine.

 Dallas police officer Townsend Howard testified that he approached appellant in
an undercover capacity and asked to purchase two "dime rocks" of crack cocaine. Appellant took
Howard inside a duplex apartment and introduced him to Sandra Creel, telling Creel to "take care
of [him]." Another man handed Creel a matchbox from which she extracted a rock of what was
proved to be crack cocaine. The officer gave Creel $20 and left. Appellant was present during
the entire transaction and asked Howard for a piece of the cocaine he purchased from Creel. 

 In his only point of error, appellant contends Howard's testimony is legally
insufficient to sustain the jury's verdict. In determining the legal sufficiency of the evidence to
support a criminal conviction, the question is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981).

 Appellant points to certain discrepancies between Howard's trial testimony and his
testimony at an earlier hearing in this cause. These discrepancies concern the name of Howard's
partner on the day of the offense, the number of rocks purchased, and the weight of the
contraband. Appellant also notes that the officer testified he did not notice appellant's two silver
teeth at the time of the offense. Finally, appellant points to the testimony of his mother, who said
appellant did not own the type of clothing Howard testified he was wearing on the day of the
offense.

 In essence, appellant's point of error is an attack on the credibility of Howard's
testimony. The officer's credibility was for the jury to decide. Tex. Code Crim. Proc. Ann. art.
38.04 (West 1979). All of the factual issues now raised by appellant were brought out at trial and
vigorously argued by defense counsel. The jury obviously found Howard to be a credible witness
despite the alleged discrepancies in his testimony. 

 A rational trier of fact, viewing the evidence in the light most favorable to the
State, could find beyond a reasonable doubt that appellant was guilty as a party to the delivery of
cocaine. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 31, 1995

Do Not Publish